Shaw v. Shaw

DOUGLAS CARROWAN SHAW v. THOMAS FRANK SHAW

No. 7426DC999

(Filed 5 March 1975)

1. **Parent and Child § 7— action for child support — N. C. law controlling**
    In an action by plaintiff mother who was a resident of S. C. to recover child support from defendant father who was a resident of N. C., G.S. 52A-8 provided that the law of N. C. was to be applied since defendant was the obligor and N. C. was the responding state.

2. **Parent and Child § 7— 18 year old child — no duty of father to support**
    Defendant father was under no obligation to support his 18-year-old son where there was no agreement to support beyond the age of majority or emancipation, nor was there any allegation of physical or mental impairment of the child.

ON writ of *Certiorari* to review order entered by *Abernathy, Judge,* on 11 October 1974 in Domestic Court, MECKLENBURG County. Heard in the Court of Appeals 13 February 1975.

Plaintiff, a resident of Bennettsville, South Carolina, filed a complaint on 9 September 1974 in that State, alleging that she and defendant are parents of a son, Thomas C. Shaw, who was born on 17 April 1956; that defendant has refused to support their son since May of 1974; that "[p]ursuant to the Statutory Laws of South Carolina, a parent is responsible for the support of a dependent child until said child reaches the age of 21 years so long as he is dependent upon the parent with whom he is residing and attending school and is not employed and self-supporting"; that the son has no income other than that provided by his parents; and that he is, therefore, in need of support and is "entitled to support under the provisions of the South Carolina Uniform Reciprocal Enforcement of Support Act". The complaint further states that upon information and

belief defendant is residing in Charlotte, North Carolina; that North Carolina "has enacted a law substantially similar and reciprocal to the South Carolina Uniform Reciprocal Enforcement of Support Act"; and, therefore, "[p]laintiff prays for such an order for support, directed to the [d]efendant, as shall be deemed fair and reasonable and for such other and further relief as the law provides."

Pursuant to the South Carolina Uniform Reciprocal Enforcement of Support Act, plaintiff's complaint was transmitted to Mecklenburg County. When the matter came before the court for hearing, defendant moved for a dismissal of plaintiff's action for lack of jurisdiction under Rule 12 of the Rules of Civil Procedure. In his motion defendant alleged that his son is over 18 years of age; "[t]hat the laws of the State of North Carolina are controlling insofar as defendant's obligation to provide support for a minor child, North Carolina being the responding State in this action" and therefore he had "no legal duty to provide support for his emancipated child."

The court noted plaintiff's allegations with respect to the laws of South Carolina, stated that in its opinion the defendant had a duty to provide support to the plaintiff for their minor child and denied defendant's motion to dismiss plaintiff's complaint. Defendant appealed.

Attorney General Rufus L. Edmisten, by Assistant Attorney General William Woodward Webb, for the State.

Hamel, Cannon and Hamel, P.A., by Thomas R. Cannon, for defendant appellant.

CLARK, Judge.

Defendant filed a written motion to dismiss in which he stated that it was made pursuant to Rule 12. He did not specify which portion of the rule he feels is the applicable one but asks that the "complaint be dismissed for lack of jurisdiction". If this were properly a question of jurisdiction, defendant's appeal would be properly before us. Since it is not properly a question of jurisdiction, the appeal is not properly before us. We have, however, elected to treat the motion as one under Rule 12(b)(6) —a motion to dismiss for failure of plaintiff to state a claim upon which relief can be granted. Further, we have elected to treat the appeal as a petition for a writ of certiorari which we have allowed in order to correct the error of the trial judge.

Shaw v. Shaw

The trial judge denied the defendant's motion to dismiss the action, stating that in his opinion the defendant "has a legal duty to provide support to the plaintiff for said minor child."

[1]   If the court made this statement under the impression that the law of South Carolina is to be applied, he was in error. Both the South Carolina statute and the North Carolina statute specifically provide otherwise. G.S. 52A-8 provides that the "[d]uties of support applicable under this chapter are those imposed or imposable under the laws of any state where the obligor was present during the period or any part of the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." We note that Code of Laws of South Carolina, 1962, § 20-318 is identical in phraseology. In her complaint, plaintiff alleges that defendant is a resident of North Carolina. Defendant is, of course, the obligor, and North Carolina is, of course, the responding State. Nor does plaintiff allege anything which would overcome the statutory presumption that obligor has been present in North Carolina during the period for which support is sought.

If the trial judge by his statement quoted herein indicated that he was of the opinion that the applicable North Carolina law would result in the imposition of liability on defendant, he was again in error.

[2]   Effective 5 July 1971, "[t]he common law definition of 'minor' insofar as it pertains to the age of the minor" was repealed and abrogated. N.C.G.S. 48A-1. Effective the same date is N.C.G.S. 48A-2 which provides that "[a] minor is any person who has not reached the age of 18 years." In *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1972), Justice Higgins wrote the opinion for a unanimous Court. The Court held that parents' duty of support ceases when the child becomes of age—now 18 years old. In *Shoaf*, the father, by consent judgment, had agreed to make the payments for support specified therein "until such time as said minor child reaches his majority or is otherwise emancipated". The father continued to make the payments until the enactment of N.C.G.S. 48A-2 and from that time he declined to make any payment for the support of his son, who became 18 years of age in January of 1971. The mother obtained a show cause order citing the father to appear and show cause why he should not be adjudged in contempt for his failure to comply with the order. The district court ordered the father to continue

the payments until the son reached 21 years of age. This Court affirmed, with a dissent, and the Supreme Court reversed, holding that despite the fact that at the time of the agreement the father obviously agreed to support the child until he reached 21 years, his liability, because of the legislative change in the age of majority, ceased when the child reached 18. The Court did not discuss the possible exception by reason of specific language in the judgment to continue support beyond age 18 nor did it discuss the possible exception where the child might be physically or mentally impaired. These questions were not before the Court. The *Shoaf* case is controlling here. There is no agreement to support beyond the age of majority or emancipation, nor is there any allegation of physical or mental impairment — on the contrary, the complaint alleges that the child is a student at Elon College.

For the reasons stated, the judgment of the trial court must be

Reversed.

Judges BRITT and ARNOLD concur.