ALLISON, APPELLEE, *v.* ALLISON, APPELLANT.

[Cite as Allison v. Allison (1975), 44 Ohio App. 2d 230.]

(No. 57—Decided May 12, 1975.)

*Mr. Paul N. Herdman* and *Mr. Jack P. Bunce*, for appellee.

*Messrs. Young & Jones* and *Mr. William H. Kaufman*, for appellant.

Buzzard, J. The parties were divorced in 1967 and the final judgment incorporated a separation agreement of the parties which provided for the custody and support of the three children of the parties. Plaintiff agreed to support the children "until each child becomes emancipated." It is agreed that the support of the youngest child Kenneth is the only issue here.

When Kenneth reached 18 years and graduated from high school, plaintiff, the appellee herein, refused to make further support payments because of the amendment of R. C. 3109.01, which reduced the age of majority to 18 years. Plaintiff was charged with contempt for failing to obey the support order.

Defendant, the appellant, also filed her action for a declaratory judgment on the separation agreement which was consolidated for hearing with the motion in contempt. The trial judge found that Kenneth was emancipated when he graduated from high school and that the father's obligation to support him had terminated.

The problem here arises by virtue of the amendment of R. C. 3109.01, effective January 1, 1974, reducing the age of majority in Ohio to 18 years.

Appellant assigns two errors: (1) The judgment is contrary to law, and (2) The judgment is an unconstitutional interpretation of R. C. 3109.01.

Defendant cites a number of cases in foreign jurisdictions to support her contention that the amendment was retroactive and unconsitutional as applied by the trial judge. However, Ohio law holds that once a separation agreement is integrated in the judgment entry the agree-

ment is superseded by the judicial entry. The court enforces the decree and not the contract. *Robrock* v. *Robrock* (1958), 167 Ohio St. 479; *Holloway* v. *Holloway* (1938), 130 Ohio St. 214.

It is noted that the amendment of the statute did not directly affect the child of the parties or his rights. He is not complaining. He is only incidentally affected by this proceeding, but his mother is claiming that her rights were affected when the law was changed to reduce the age of majority to 18 years. We do not think this is the type of *ex post facto* action which Article II, Section 28 of the Ohio Constitution is designed to prevent.

"The rule is settled beyond a doubt that majority or minority is a status rather than a fixed or vested right and that the legislature has full power to fix and change the age of majority. * * * The removal of the disabilities does not result in the creation of any new rights, but merely in the termination of certain personal privileges. There is no vested property right in the personal privileges of infancy." *Shoaf* v. *Shoaf* (1972), 282 N. C. 287, 290, 192 S. E. 2d 299, 302. See, also, *Coleman* v. *Coleman* (1955), 51 Ohio App. 221.

"A child support payment * * * becomes subject to review by the court upon change of conditions. The legislature unequivocally changed the conditions by fixing a different date upon which liability to support a child terminated." *Shoaf* v. *Shoaf, supra* at 292, 192 S. E. 2d at 303.

Although such was unnecessary as far as child support is concerned, the judgment entry specifically provided that the trial court retained jurisdiction to modify the support order. *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268. Also, see *Istnick* v. *Istnick* (1973), 37 Ohio Misc. 91.

The trial court made the observation that paragraph seven of the agreement extended support until the children were emancipated, while in paragraph nine the father agreed to maintain certain insurance until the children reached 21 years, inferring that the parties were aware of the distinction. The court reasoned that the parties agreed that the father would pay $20 per week for Kenneth's support until such time as the law no longer required him to sup-

port such child. The emancipation of a child can occur in several ways and the time is frequently unpredictable, as in this case. We find the court did no violence either under the law or the Constitution to the rights of the defendant. The assignments of error are overruled.

*Judgment affirmed.*

COOK, P. J., and STRAUSBAUGH, J., concur.

COOK, P. J., of the Eleventh Appellate District, and STRAUSBAUGH, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.

BUZZARD, J., retired, of the Court of Common Pleas of Columbiana County, sitting by assignment in the First Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.