This appeal is from a judgment of the Circuit Court of Montgomery County wherein it refused to modify a prior divorce decree.
The parties to this proceeding were divorced in March of 1975 and, among other things, the decree recited that the appellant-husband was to provide his children with "child support until each of the said minor children obtains the age of 21, is fully self-supporting, married, or dies." There were three children, ages fifteen, thirteen and nine, affected by the decree. The appellee-wife was given custody of them. The husband was ordered to pay $150 per month for each child until such time as one of the events listed above occurred. The minor children were also to be made the beneficiaries of certain insurance policies.
At the time of the divorce, the husband was a master sergeant in the United States Air Force and he earned a net income in excess of $1,000 a month. In September 1977 the husband retired from the Air Force. Upon his retirement he did not obtain employment in another capacity. His retirement pay is approximately $670 per month.
The husband averred in his petition to modify that one of the children, Carmen, had married and no longer lived with her mother. The petition also stated that another child, Greg (who is eighteen years old) was enrolled in a trade school in Birmingham, worked parttime and was fully self-supporting. Apparently the youngest child, Kevin, still lived with his mother. Consequently, the husband requested that the trial court modify the original decree so that he would no longer be responsible for the support of Carmen and Greg. He also asked to have the modified decree declare that he would be required to pay $150 per *Page 207 
month for support of Kevin only until the latter reached nineteen years of age (rather than twenty-one as originally provided), became self-supporting, married, or died.
After an ore tenus hearing, the trial court rejected the husband's petition for modification with regard to his two sons. The court decreed that although Greg was eighteen years old and enrolled in a trade school in Birmingham, Alabama, he was nevertheless not fully self-supporting. Thus the court held that the husband was not relieved of his obligation to provide child support for Greg. The trial court further determined that the husband's responsibility to furnish child support to his two minor sons, Greg and Kevin, did not terminate upon the boys' nineteenth birthdays. Instead, the court followed the order previously decreed and held that the husband was to support his sons until they reached twenty-one years of age, became fully self-supporting, married, or died.
Appellant-husband argues that the evidence presented to the trial court is insufficient to support the court's finding and conclusion that the minor son, Greg, needed the continued support of his father because he (Greg) was not yet self-supporting. Further, appellant maintains that the court erred in finding that appellant's net income was about $930 per month when in fact his retirement pay does not exceed $670 per month.
The appellee-wife replies that the issue of whether there was sufficient evidence to support the trial court's decree cannot be reviewed on appeal in the absence of a transcript of the evidence.
In the present case the services of a court reporter were waived in the trial court and, as a consequence, we do not have a transcript of the evidence taken before the trial court. Nor do we have a statement of the evidence or proceedings prepared pursuant to the provisions of Rule 10 (d), ARAP
We have held that in situations where the trial court has heard and reviewed evidence which is not a part of the record on appeal and where the presentation of this evidence may have influenced the court's decision, such unrecorded evidence is conclusively presumed to support the finding of the trial court and will not be disturbed on appeal. See Cordell v. Poteete,57 Ala. App. 645, 331 So.2d 400 (1976).
Since the record before us contains no transcript of the evidence presented in the proceedings below, we have nothing which would enable us to appraise appellant's contention that the trial court erred when it determined that appellant was able to support his son Greg, and that he was obligated to continue to provide this support until Greg was fully self-supporting. Consequently, in view of the above stated rule, we have no alternative but to refuse to disturb on appeal the trial court's finding in regard to this matter.
Appellant's next contention is that the trial court erred in holding that he was not to be relieved of child support when his two minor sons became nineteen years of age.
The appellant argues that it is the law in Alabama that a father is relieved of child support when a minor child reaches the age of majority. Huckaba v. Huckaba, Ala.Civ.App.,336 So.2d 1363 (1976). Accordingly, appellant submits that in the absence of an agreement — and there was none in this case — a court cannot require a father to support a child who has exceeded the age of majority. The age of majority in Alabama is now nineteen.
Appellee replies that while it is true that the age of majority was reduced from twenty-one years to nineteen years in 1975 by Act No. 77, Acts of Alabama 1975 (now found in Title 26, chapter 1, section 1, Code of Alabama 1975), this act cannot be applied retrospectively. Since the original divorce decree involving the parties to this dispute was entered prior to the effective date of Act No. 77, and since it specifically mandated that appellant provide child support until his children reached the age of twenty-one, appellee asserts that the trial court acted correctly in rejecting appellant's request that his obligation to support his children terminate upon their nineteenth birthday. *Page 208 
In support of her argument, appellee places substantial reliance on Baker v. Baker, 80 Wn.2d 736, 498 P.2d 315
(1972), which held that the Washington statute changing the age of majority in that state from twenty-one years to eighteen years did not apply to a divorce decree providing for the support and education of a minor child until that child reached the age of twenty-one years. The court in Baker v. Baker
reached its conclusion based on the fact that the decree was rendered prior to the effective date of the statute. And the holding in Baker v. Baker has been followed in a number of jurisdictions. 75 A.L.R.3d 228 (1977).
On the other hand, there is ample authority which is contrary to the line of decisions rejecting in divorce cases the retrospective application of a statutory change in the age of majority. 75 A.L.R.3d 228 (1977). Those jurisdictions which refuse to permit a divorce decree providing for child support until the age of twenty-one to be affected by a legislative change in the age of majority take the view that child support is a vested right which the legislature is powerless to annul by the enactment of a general law. E.g., Baker v. Baker, supra;Waldron v. Waldron, 13 Ill. App.3d 964, 301 N.E.2d 167 (1973). However, those courts which have held that a decree of child support may be modified to reflect a change in the statutory age of majority have adopted the rationale that neither the parent nor the child has any vested right in a support order which would extend payments beyond the age of adulthood. E.g.,Shoaf v. Shoaf, 282 N.C. 287, 192 S.E.2d 299 (1972); Schmitz v.Schmitz, 70 Wis.2d 882, 236 N.W.2d 657 (1975).
We believe that the latter view is the better reasoned of the two views and is supported by Alabama law.
Act No. 77 provides as follows:
 "Any person in this state at the arrival at the age of nineteen years shall be relieved of their disabilities of minority; and thereafter shall have the same legal rights and abilities as persons over twenty-one years of age. . . ."
In other jurisdictions the rule appears to be well settled that minority is a status rather than a fixed or vested right and that the legislature has full power to fix and change the age of majority. Stanley v. Stanley, 112 Ariz. 282,541 P.2d 382 (1975); Sillman v. Sillman, 168 Conn. 144, 358 A.2d 150
(1975); Rice v. Rice, 213 Kan. 800, 518 P.2d 477 (1974); Shoafv. Shoaf, supra; Schmitz v. Schmitz, supra. Likewise, the rule in Alabama would seem to be that minority is a status. Indeed, our supreme court said in Hutchinson v. Till, 212 Ala. 64,101 So. 676 (1924) that:
 ". . . The Legislature has conferred upon a minor having no parent or guardian, and claiming the right to have his disabilities removed, privilege of appearing in his own name, and presenting for the court's decision the facts entitling him to the relief. The subject-matter of the proceeding is the fixing of his legal status — making him sui juris. . . ." (Emphasis added.)
Admittedly, the legislature, by reducing the age of majority, did affect the disabilities and entitlements accruing to persons because of their age. However, a claim to child support is no more a vested right than is the status upon which it depends. When a person no longer has a particular status, he cannot validly assert claims based on that status. In Hutton v.Hutton, 284 Ala. 91, 222 So.2d 348 (1969) the Supreme Court of Alabama stated:
 "Where support has been awarded for a minor child in a divorce proceedings, and the child reaches the age of 21 years, the obligation for support payments cease[s], even though the child is mentally or physically disabled. This is the rule of the common law, and being unchanged by statute, is the prevailing rule in this state. Murrah v. Bailes, Judge, 255 Ala. 178, 50 So.2d 735."
Accordingly, we are not persuaded that Act No. 77 was intended to exempt persons from the responsibilities of adulthood merely because they were the beneficiaries of child support payments on the *Page 209 
date that the act became law. There is not the slightest hint in Act 77 that any group of persons was to be exempted from its mandates or that the statutory change in adulthood was to apply to the future only, or, for that matter, to the past. In the California and Florida statutes reducing the age of majority from twenty-one to eighteen there was a specific provision making the acts prospective only. Moreover, these statutes exempted from their reach all judgments awarding child support until the child reached twenty-one, the age of majority under the superseded statutes. Ganschow v. Ganschow, 14 Cal.3d 150,120 Cal.Rptr. 865, 534 P.2d 705 (1975); Finn v. Finn,312 So.2d 726 (Fla. 1975). Conversely, no such provision exists in Act 77 and therefore we believe that Act 77 affected all minors on its effective date.
Appellee contends that a modification of the court's prior decree because of Act 77 would result in the retrospective application of that act. The Kansas Supreme Court in Jungjohannv. Jungjohann, 213 Kan. 329, 516 P.2d 904 (1973) answered that argument thusly:
 "As we have previously stated the rights of minority are not fixed or vested rights but privileges subject to termination. . . . The statute made eighteen the age of majority from and after July 1, 1972. It affected no rights accrued before that date. It did not reach back to make a person an adult from and after his eighteenth birthday but only operated from and after the effective date of July 1, 1972."[1]
Moreover, in Shoaf v. Shoaf, supra, the Supreme Court of North Carolina said:
 ". . . The authority of the court to require support for a normal child ceases when the legal obligation to support no longer exists. The parents' duty to support, as well as the right to control and to receive its wages, cease[s] upon emancipation. Layton v. Layton, 263 N.C. 453, 139 S.E.2d 732; Wells v. Wells, 227 N.C. 614, 44 S.E.2d 31.
 "The custody of minor children during their infancy cannot be controlled finally. `Changed conditions will always justify inquiry by the courts in the interest and welfare of the children, and decrees may be entered as often as the facts justify.' In re Herring, 268 N.C. 434, 150 S.E.2d 775; In re Marlowe, 268 N.C. 197, 150 S.E.2d 204. Hence neither the parent nor the infant has any vested right in a support order which would extend the payments beyond the age of emancipation. . . .
. . . . .
 "Change from minority to majority in legal effect means that legal disabilities designed to protect the child are removed. `The removal of the disabilities does not result in the creation of any new rights, but merely in the termination of certain personal privileges. There is no vested property right in the personal privileges of infancy.' In re Davidson's Will, 223 Minn. 268, 26 N.W.2d 223.
. . . . .
 Since the passage of the above Act, the court had no more authority to say the father's obligation to support continues to twenty-one than it had to say it stops at fifteen. The age of emancipation is precisely fixed — eighteen. It is the business of the law-making body to determine the age of majority. The courts are without power either to raise or lower the age so fixed. The power of the court to force the father to support his minor dependent son arises because of his legal duty to provide that support.
. . . . .
 A child support payment falls in the same category as an alimony payment and becomes subject to review by the court upon change of conditions. The Legislature unequivocally changed the conditions by fixing a different date upon which liability to support a child terminated. *Page 210 
Certainly the mother's liability, as well as the father's, to support the son ceased when he became emancipated on July 5, 1971."
We believe the holding and rationale stated by the North Carolina Supreme Court are sound. As a consequence we also find that the removal of the disabilities of non-age does not create new rights nor abrogate existing ones; it merely extends new privileges to a class of persons to whom these privileges were formerly unavailable. Likewise, a change in the age of adulthood may terminate certain privileges, one of which is the receipt of child support by a child who previously would have been deemed a minor. Thus a child has no claim or vested right to support payments once he reaches the age of majority. Since the passage of Act No. 77, the trial court has no more authority to say that the father's legal obligation to support continues to age twenty-one than to say it stops at age sixteen. The fixing of the age of majority is within the sphere of the legislature not the courts. See Hutton v. Hutton, supra;Beavers v. Southern Ry. Co., 212 Ala. 600, 103 So. 887 (1925). A court's authority to modify support payments is activated by a change in conditions affecting the child and we accept the premise that the legislature changed one such condition by fixing a different date upon which the responsibility of supporting a child terminated. Accordingly, we conclude that the appellant's legal liability to support his children ceases on the date each child reaches nineteen years of age, the new age of majority in Alabama. This aspect of the trial court's decree is in error.
As pointed out above, that aspect of the trial court's decree which found that the minor son, Greg, is not self-supporting and needs his father's continued support is affirmed. That aspect of the decree holding that the father is liable for the support of his children after they obtain the age of nineteen and until they reach the age of twenty-one is reversed.
Appellee's request that she be awarded an attorney's fee on appeal is granted and she is hereby awarded $300 for her attorney's fee.
ATTORNEY'S FEE AWARDED.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] As with the Kansas statute, Act 77 became operative only after its effective date of July 22, 1975.