George Edward WIKER, Plaintiff and Respondent,

v.

Elaine WIKER, Defendant and Appellant.

No. 15326.

Supreme Court of Utah.

Dec. 26, 1978.

E. H. Fankhauser of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for defendant and appellant.

James A. McIntosh of James A. McIntosh & Assoc., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a judgment refusing to award support money for Roger, child of the parties, after he had attained the age of eighteen years. The thrust of Mrs. Wiker's claim is that a divorce decree awarding a monthly amount to support Roger until he attained his majority, was entered at a time prior to May 27, 1975, when Sec. 15–2–1, Utah Code Annotated read as follows:

> 15–2–1. Period of minority.—The period of minority extends in *males* to the age of *twenty-one years* and in *females* to that of *eighteen years* ; but all minors obtain their majority by marriage. [Emphasis added.]

She asserts that that statute entitled her to receive such support irrespective of the fact that *Stanton v. Stanton* [1] struck it down as being offensive to the equal protection clause of the Fourteenth Amendment, whose language, in part, quoting from *Reed*

---

1. 421 U.S. 7, 14, 95 S.Ct. 1373, 1377, 43 L.Ed.2d 688 (1975).

*v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) is as follows:

. . . A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920). *Id.*, 404 U.S., at 76, 92 S.Ct., at 284. It was not enough to save the statute that among its objectives were the elimination both of an area of possible family controversy and of a hearing on the comparative merits of petitioning relatives.

She asserts that such entitlement even survives the Utah legislative amendment of Sec. 15–2–1, supra, effective May 13, 1975 (Laws of Utah 1975, Ch. 39, Sec. 1,—1977 Pocket Supp. p. 177, Replacement Vol. 2A, U.C.A.), which reads as follows:

15–2–1. Period of minority.—The period of minority extends to *males and females* to the age of *eighteen years*; but all minors obtain their majority by marriage. It is further provided that courts in divorce actions may order support to age 21. [Emphasis added.]

She claims the trial court should have given her judgment for a monthly amount after May 13, 1975, and *after* Roger became eighteen on May 27, 1975, because in refusing to make such award after May 13, 1975, the court applied the new statute retroactively by modifying the divorce decree from an obligation to pay until Roger attained his "majority,"—which at that time was 21, and permanently fixed,—and hence such statute and its application violated constitutional interdictions against passing any ex post facto laws (Art. I, Sec. 18, Utah Constitution).

One case, *Allison v. Allison*, 44 Ohio App.2d 230, 337 N.E.2d 666 (Ohio 1975) involving a like situation, answers by saying "We do not think this is the type of ex post facto action," the Ohio Constitution is designed to prevent.

Another answer to her contention is found in the fact that the trial court in its refusal to award anything after May 13, 1973, did not take away any "vested rights,"[2] since no one has any vested rights in a support decree which statutorily may be changed from time to time by a court under its continuing jurisdiction in such matters.[3] As an adjunct to such a conclusion on our part, an answer also is found to the contention in Mrs. Wiker's brief that the legislation and the trial court's application of it amounts to an impairment of an obligation prohibited by the constitution. The decree in such a case is not an "agreement" or "obligation" in the constitutional sense,[4] but represents an interdiction of a court having jurisdiction to require support of minors, which cannot be opted for change by the parties without an enforceable order of the court.

Counsel for Mr. Wiker seeks to have that part of the Court's judgment increasing alimony, etc. on account of changed circumstances reversed for insufficiency of the evidence. This issue is sought to be determined under Point IV of his brief. The record does not reflect any effort on his part to assert any cross-appeal. The increase was from $170 per month to $220 for the support of the wife and two minor children. Under present inflationary trends and lapse of time in between awards, the continued illness of Mrs. Wiker together with the fact that plaintiff's salary has greatly increased, we cannot say the court abused its discretion.

We conclude that the amendment of Sec. 15–2–1 by Laws of Utah 1975, Ch. 39, Sec. 1 effectively, eliminated Mr. Wiker's

**2.** *Silver King v. Indust. Comm.*, 2 Utah 2d 1, 26 P.2d 689 (1954); *Jungjohann v. Jungjohann*, Kan., 516 P.2d 904 (1973), and cases therein cited; *Schmutz v. Schmutz*, 236 N.W.2d 637 (Wis.1975), and other jurisdictions reflecting a substantial majority.

**3.** Sec. 30–3–5, Utah Code Annotated 1953, as amended.

**4.** See cases footnote 2.

obligation to support Roger after attaining his majority on May 25, 1975, absent a finding by the trial court that it would be proper to continue the support.

The trial court's judgment is affirmed, with no costs on appeal awarded.

MAUGHAN, J., dissents.