BRADLEY, Judge.
This appeal is from an order overruling a Rule 59(e) A.R.C.P. motion in a divorce case.
The parties to this proceeding were divorced by the trial court on October 3, 1980 and the court ordered that a 1977 Ford pickup truck that apparently belonged to the husband be sold and the proceeds held in trust for the benefit of the parties’ minor child. The husband filed a Rule 59(e) motion to alter this aspect of the divorce decree on the ground that he did not own the truck and the court was, therefore, without jurisdiction to order it to be sold.
The trial court’s order overruling the motion reflects that a hearing was held on this motion at which the parties and other witnesses appeared and testified in open court. There is, however, no transcript of the testimony of these witnesses incorporated in the record on appeal. The only evidence in the record that appears to have been a part of the hearing on the motion is a copy of an instrument entered into by Eugene Knight, the father of Stephen Knight, with the First National Bank of Jasper, Alabama indicating that Eugene Knight had borrowed $500 and had given as collateral for the loan a 1977 Ford vehicle, a copy of a bill of sale of a 1977 Ford truck from Stephen Knight to Eugene Knight on April 22,1980, and a certificate of title to a 1977 Ford truck issued to Eugene Knight and showing that the lienholder, the First National Bank of Jasper, was released on November 11, 1980.
Where the trial court has heard testimony which is not a part of the record on appeal and where it appears that such testimony may have influenced the court’s decision, such testimony is conclusively presumed to support the finding of the trial court and such finding will not be disturbed on appeal. Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App.1978).
Since it is clear that the trial court heard testimony relating to the ownership» of the vehicle in question which is not before this court, we have no alternative but to affirm the trial court’s decision.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.