In April 1992, upon a finding of dependency by the juvenile court, temporary custody of R.A., a 17-year-old male, was granted to the Department of Human Resources for Lauderdale County. The trial court ordered the parents, B.A. and E.A., to pay weekly child support for the benefit of the minor child. The parents filed a motion to reconsider the court's order of support, alleging that the child left home due to a disagreement concerning his lifestyle. They further alleged that they should not have to pay child support because the child was employed full-time. The court denied the parents' motion.
In August 1993 the Department requested that it be relieved of legal custody of the minor, that the minor, then 18 years of age and a college student, be emancipated by having his disabilities of non-age removed, that the parents be ordered to continue child support payments to assist the minor with his college expenses, and that the parents be ordered to pay $1,850 due for orthodontic care.
Following oral proceedings, the court relieved the Department of legal custody, declared the minor to be emancipated, and removed the disabilities of non-age. The court further ordered that the parents continue paying child support, directly to the minor, to assist him in his educational expenses so long as he remains in college. The parents filed a post-judgment motion, which was denied. They appeal. In a letter to the clerk of this court, the Department indicated that it would not file a brief due to the fact that "it has no interest in the issues raised on appeal and no legal authority to appear and represent [R.A.'s] interests."
The parents allege that the court had no authority to order married parents of an emancipated child to pay post-minority support for college expenses.
The trial court declared the minor emancipated under the provisions of §§ 26-13-1 through -8, Code 1975. Such a declaration removes the disabilities of non-age and changes the status of the minor to sui juris. Davenport v. Davenport,356 So.2d 205 (Ala.Civ.App. 1978). For all practical purposes, a removal of the disabilities of non-age under §§ 26-13-1 through -8 is an emancipation per se.
In Alabama, the general rule is that a trial court has no jurisdiction to require a parent to provide support for a child once the child has become emancipated.Davenport. There are, however, two exceptions to that rule. The first exception is that the trial court may order support for an adult child who is "so mentally and/or physically disabled as to be unable to support himself." Ex parte Brewington,445 So.2d 294 (Ala. 1983). The second exception involves post-minority support for college expenses. Ex parte Bayliss,550 So.2d 986 (Ala. 1989).
The minor's circumstances do not fall within theBrewington exception. We must, therefore, determine whether theBayliss exception applies.
In Bayliss, our supreme court specifically limited the trial court's authority to award post-minority support for educational purposes to "proceedings for dissolution of a marriage or a modification of a divorce judgment." The court stated that the state's legitimate interest in such matters was to minimize the disadvantages of divorce on a child from a broken home. The principle in Bayliss has been extended to provide the same opportunity to children born out of wedlock.Ex parte Jones, 592 So.2d 608 (Ala. 1991).
The circumstances surrounding the request for post-minority support, in this instance, do not avail themselves of any exception to the general rule. It is our opinion that a minor child who has had all disabilities removed, at his own request, so that he can manage his own affairs as an adult is no longer due support from his parents. The trial court erred in ordering the parents to contribute to their emancipated son's college expenses.
The judgment of the trial court is reversed.
The parents' request for attorney's fees on appeal is denied. *Page 963 
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED.
All the Judges concur.