***********
Upon review of the prior Order of Commissioner Cheatham and considering the briefs and oral arguments of counsel, the Full Commission enters the following Order dismissing plaintiff's appeal to the North Carolina Court of Appeals.
 ***********
Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that plaintiff was represented by J. Randolph Ward, Attorney, Cary, North Carolina and Kenneth P. Rothrock of the Rothrock Law Firm, Attorneys; Hillsborough, North Carolina. Attorney Rothrock initially appeared on behalf of plaintiff before the Industrial Commission on February 18, 2008, when he filed an Industrial Commission Form 18. Attorney Rothrock also filed a Form 33 request for hearing on behalf of plaintiff on April 29, 2008. On *Page 2 
February 20, 2009, Attorney J. Randolph Ward made his initial appearance before the Industrial Commission through email, stating that he was associated in the case with the Rothrock Law Firm.
Thereafter, all appearances made on behalf of plaintiff before the Industrial Commission including all motions, correspondence, filings, requests, hearings, depositions and briefs were made by Attorney Ward. Additionally, on all of his appearances before the Industrial Commission, Attorney Ward designated himself as either "Attorney for Plaintiff" or "Counsel for Plaintiff." Since February 20, 2009, Attorney Rothrock has only been copied as Counsel of Record on matters relating to the case, but has not withdrawn from the case and remained as Counsel of Record in the case.
The Full Commission finds there was no clarity from the Industrial Commission file in terms of delegation of duties between Attorney Rothrock and Attorney Ward at the Full Commission level.
On December 15, 2010 a certified copy of the Opinion and Award by the Full Commission was mailed to: J. Randolph Ward and Kenneth P. Rothrock. The certified copy mailed to Attorney Rothrock was delivered to his Hillsborough, North Carolina office on December 16, 2010. The certified copy mailed to Attorney Ward's office in Cary, North Carolina was delivered on December 30, 2010.
Attorney Rothrock did not respond to the Opinion and Award of the Full Commission. Attorney Ward filed a Motion for Reconsideration on January 31, 2011. On February 16, 2011, the Full Commission entered an Order denying plaintiff's Motion for Reconsideration. Thereafter, Mr. Ward filed a Notice of Appeal to the North Carolina Court of Appeals on behalf of plaintiff on February 24, 2011. *Page 3 
Service on a party's attorney is considered conclusive service on the party. Shoaf v. Shoaf, 282 N.C. 287, 192 S.E.2d 299 (1972). As of December 16, 2010, Attorney Rothrock was listed as Counsel of Record for plaintiff even though the appearances in the case were handled by Attorney Ward. Thus, notice of the Opinion and Award by the Full Commission to Attorney Rothrock constituted notice to the plaintiff. The Full Commission finds that based upon the evidence before the Full Commission, plaintiff first received notice of the Opinion and Award by the Full Commission on December 16, 2010. Id.
Pursuant to N.C. Gen. Stat. § 97-86, an appeal from the final decision of the Industrial Commission may be taken "within 30 days after receipt of notice to be sent by registered mail or certified mail of such award." However, Rule 702 of the Rules of the North Carolina Industrial Commission provides that the running time for filing a Notice of Appeal is tolled as to all parties by a timely motion filed by any party to amend, to make additional findings or to reconsider the decision. Plaintiff contends that by filing his Motion for Reconsideration on January 31, 2011, the running time for filing his appeal was tolled.
In order to toll the running of the time for appeal, plaintiff must have either filed his Motion for Reconsideration before the time for appeal expired or be successful in his motion, if filed after the time for appeal had expired. Utilities Comm. v. NorfolkSouthern R.R., 224 N.C. 762, 32 S.E.2d 346 (1944).
Based upon Attorney Ward's receipt of the Opinion and Award of the Full Commission, the Motion for Reconsideration would have been timely. However, calculating the time period from Attorney Rothrock's receipt of the Opinion and Award of the Full Commission as first receipt of the Opinion and Award of the Full Commission to plaintiff, the Motion for Reconsideration was not timely. *Page 4 
Therefore, plaintiff did not file his Motion for Reconsideration to the Full Commission within 30 days of notice of the original Opinion and Award and because his Motion for Reconsideration was subsequently unsuccessful, the period allowed for appeal to the Court of Appeals was not tolled during the time the Full Commission considered the Motion for Reconsideration. Plaintiff's appeal to the Court of Appeals was not timely filed based on the date of receipt of the certified notice sent to Attorney Rothrock, who was counsel for plaintiff at the time.
IT IS THEREFORE ORDERED that Plaintiff's Appeal to the North Carolina Court of Appeals is hereby DISMISSED.
This the ___ day of November 2011.
 S/___________________ CHRISTOPHER S. SCOTT COMMISSIONER
CONCURRING:
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ STACI T. MEYER COMMISSIONER

 *Page 1