AIDA T. WHITE v. CARL L. WHITE

No. 56

(Filed 6 April 1976)

**Parent and Child § 7— consent judgment for child support — continuance of obligation beyond child's majority**

> A court may enforce by contempt proceedings its order, entered by consent, that child support payments be made beyond the time for which there is a duty to prcvide support.

ON *certiorari* to review the decision of the Court of Appeals, 25 N.C. App. 150, 212 S.E. 2d 511 (1975) (Opinion by *Morris, J.,* concurred in by *Britt and Arnold, JJ),* reversing a judgment of the BUNCOMBE County District Court. This case was docketed and argued as No. 13 at the Fall Term 1975.

White v. White

The facts are set out in full in the Court of Appeals' decision. Briefly, they are as follows: In October, 1962, plaintiff was granted an absolute divorce from defendant. The divorce judgment awarded her custody of two children of the marriage, Tony, born August 17, 1946, and Marco, born May 8, 1954, and further ordered that defendant pay $50.00 per week for the support of these children beginning November 6, 1962. Defendant never fully complied with this support order.

In July, 1970, plaintiff, alleging defendant's noncompliance, moved that defendant be required to show cause, if any, why he should not be adjudged in contempt; that arrearages due be determined; and that an appropriate support order for Marco be entered. Tony by this time was an adult.

On September 10, 1970, the Buncombe County District Court entered the following order:

"THIS CAUSE, coming on to be heard before the Undersigned Judge Presiding upon the Plaintiff's Affidavit and Motion and Citation issued in this cause on the 16th day of July, 1970, and the Defendant's Answer, and before hearing evidence it appears to the Court from statement of counsel for the respective parties that the matters and things in controversy have been compromised, settled and adjusted, and that the parties desire that the Court enter this Order by and with their consent;

IT IS NOW, THEREFORE, ORDERED that the Judgment heretofore entered in this cause be, and the same is hereby modified to the extent that the Defendant pay into the Office of the Clerk of the Superior Court of Buncombe County, North Carolina, for the use and benefit of his minor son, Marco White, the sum of TWENTY-FIVE AND No/100 ($25.00) DOLLARS per week beginning Monday, September 14, 1970, and a like payment on each Monday thereafter until September 13, 1971, at which time said payments shall be increased to THIRTY-FIVE AND No/100 ($35.00) DOLLARS per week and continue thereafter on each Monday until September 11, 1972, at which time said weekly payments shall terminate and end; that thereafter the Defendant shall pay to said minor child and/or the college attended by him, the sum of TWO THOUSAND and No/100 ($2,000.00) DOLLARS annually for education expenses for said minor child for each year that said minor

child remains in college up to four (4) years; that said annual payments shall be made in installments as said minor child shall be required to pay tuition and room and board charges to such college as he shall hereafter attend;

IT IS FURTHER ORDERED that the Plaintiff shall be entitled to claim said minor son, Marco White, as a dependent for State and Federal income tax purposes for the years 1967, 1968, 1969, 1970 and 1971, and that thereafter the Defendant shall be entitled to claim said minor child as a dependent for said purpose;

IT IS FURTHER ORDERED that the Defendant be relieved of any obligation for payment to the Plaintiff of arrearage as may be due pursuant to the terms of the original Judgment entered in this cause, it being the intent of the parties for the Plaintiff to forgive the Defendant of any and all arrearage;

\*     \*     \*

THIS, the 10 day of September, 1970.

s/ MAX O. COGBURN
Judge, General County
Court, Buncombe County,
North Carolina"

The consents of both parties and their respective counsel were endorsed on the order.

In September, 1974, plaintiff again moved that defendant show cause why he should not be adjudged in contempt for failing to comply with the September 10, 1970, order. In support of this motion she alleged that defendant had paid only $1500.00 toward Marco's college education, that $500.00 was due for the 1972-73 school year, $2000.00 for the 1973-74 school year, and that defendant was in arrears in the sum of $2500.00.

This motion came on for hearing before Israel, J., of the Buncombe County District Court on November 20, 1974. Upon finding, among other things, that plaintiff did not contend that Marco was physically or mentally incapable of his own support, that Marco attained the age of 18 years on May 8, 1972, that defendant had made all weekly support payments required by the September 10, 1970, order, that defendant had paid $1500.00 toward Marco's college education for the year 1972-73 and had made no further payments for that year or for the 1973-74

year, Judge Israel concluded that "Defendant's legal obligation to support Marco White or to comply with the Order of September 10, 1970, ended when Marco White attained the age of eighteen years on May 8, 1972, and the Court is without authority to go behind or to inquire into the contentions of the parties or matters and things existing prior to the entry of the Consent Order of September 10, 1970, and should deny the Plaintiff's request to determine the arrearage." Judge Israel then dismissed plaintiff's motion in its entirety.

Plaintiff appealed. The Court of Appeals reversed and remanded the case.

*Riddle and Shackelford, P.A., by Robert E. Riddle and George B. Hyler, Jr., attorneys for plaintiff appellee.*

*McGuire, Wood, Erwin & Crow, by William F. Wolcott III, attorneys for defendant appellant.*

EXUM, Justice.

We allowed defendant's petition for further review to consider whether the decision of the Court of Appeals conflicts with our decision in *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 2d 299 (1972). We are satisfied there is no such conflict. The Court of Appeals properly distinguished *Shoaf.* We approve not only the decision of the Court of Appeals but also the careful research and reasoning upon which it is based.

The question presented here is whether a court may enforce by contempt proceedings its order, entered by consent, that child support payments be made beyond the time for which there is a duty to provide support. For the reasons and authorities given in the Court of Appeals' opinion and those given hereinafter, we answer affirmatively.

*Shoaf* does not hold to the contrary. The question we here consider was not presented in *Shoaf.* There was no consent in *Shoaf* to a court order requiring child support beyond the child's minority. Indeed, the judgment in that case expressly provided that "payments for child support shall continue until such time as said minor child reaches his majority or is otherwise emancipated." When the *Shoaf* judgment was entered on June 11, 1970, twenty-one was by common law the age of majority. Effective July 5, 1971, the General Assembly changed the age of majority to eighteen years. N. C. Gen. Stats. 48A-1, 48A-2

(1975 Cum. Supp.). The Court in *Shoaf* held, simply, that when the legislature changed the age of majority to eighteen the court was without authority to require support after the Shoaf child reached eighteen. There was nothing in the *Shoaf* consent judgment, as there is here, which purported to enlarge that authority.

That the decision in *Shoaf* rested primarily on the language of the judgment is clear from this excerpt from the opinion:

> "*The clear wording of the judgment* does not require or permit [plaintiff's] interpretation. The liability [of defendant], always subject to change, continues from the time of the order, until, *according to its terms,* the child reaches his majority or otherwise becomes emancipated." (Emphases added.)

We held in *Mullen v. Sawyer,* 277 N.C. 623, 178 S.E. 2d 425 (1971) that the obligation in a consent judgment requiring a father to "assume the burden of a four-year college education for each of [his] children at the college of his choosing" could be enforced in an action on the contract against the father's estate notwithstanding that this obligation "clearly exceeded the requirements of the common law." The father in *Shoaf,* however, could not have been required in a contract action to provide more support than he had agreed to. In the case at bar defendant concedes that under *Mullen* defendant's obligations under the September 10, 1970, order could be enforced in a contract action against him.

We hold that this Order may also be enforced by contempt proceedings. That the order is based on an agreement of the parties makes it no less an order of the court once it is entered. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964) and cases cited. It is likewise no less an order of the court, once entered, notwithstanding that the portion of it here in question could not have been lawfully entered without defendant's consent. His consent made this portion of the order, once entered, lawful. Any person guilty of "[w]ilful disobedience of any . . . order lawfully issued by any court" may be punished for contempt. N. C. Gen. Stat. 5-1(4) (1969).

The decision of the Court of Appeals is

Affirmed.