DOROTHY SALTER HARDING (CREW) v. HARRY HARDING

No. 766DC105

(Filed 16 June 1976)

1. **Parent and Child § 7— child over 18 — no legal duty to support — contractual duty to support**

Where an order of the court for support entered prior to 5 July 1971 provides for support of the children until the age of majority, maturity or emancipation, it has been interpreted in light of G.S. 48A-2 to impose the legal obligation of support only to the child's eighteenth birthday, but a parent can by contract assume an obligation to his child greater than the law otherwise imposes, and by contract bind himself to support his child after emancipation and past majority.

2. **Parent and Child § 7— children over 18 — agreement to support through college**

　　Having agreed to support his children through college in an original agreement which provided for child support and alimony and not having appealed orders entered by the trial court after 5 July 1971 which were for the specific purpose of clarifying defendant's obligation to support his children, defendant obligated himself to continue support of his children past their eighteenth birthdays.

3. **Divorce and Alimony § 23— increase in child support — evidence of changed circumstances**

　　The trial court did not err in increasing the amount of child support payments for two of defendant's children including the additional support required for the expense of one of the children's college education where the evidence tended to show that defendant's net worth had increased since the date of entry of the last support order, his available income had increased, he had refused to supply the court with copies of his latest financial reports, defendant was able to pay the college expenses of his oldest sons while they attended school, and his obligation to support them had ceased, plaintiff was no longer working and therefore had no income, defendant's two youngest children resided with plaintiff, the needs of the two children had increased, one of the children was a freshman at UNC, and her education required $3000 per year.

4. **Divorce and Alimony § 23— child support arrearages — amount on which execution allowed changed — no prejudice**

　　Defendant who was $1700 in arrears in child support payments was not prejudiced where the court orally stated on the day of the hearing that it would allow execution for only $1216.71 and then increased the amount to $1700 after the hearing in response to a private communication from plaintiff's attorney, since defendant's attorney was given a copy of the letter, and defendant had an opportunity to rebut the contentions stated in the letter but failed to do so.

APPEAL by defendant from *Gay, Judge.* Order entered 10 December 1975 in District Court, HALIFAX County. Heard in the Court of Appeals 13 May 1976.

This is a civil action wherein the plaintiff, Dorothy Salter Harding, has filed a motion in the cause in a divorce proceeding against the defendant, father, Harry Harding, seeking an order increasing support payments for her children and an order directing execution against the defendant for failure to pay $1,700.00 support as provided by an earlier order of the court.

On 12 September 1968 plaintiff began this action by filing a complaint for alimony without divorce, custody of the children of the marriage between plaintiff and defendant, support for the children and an attorney's fee. Defendant answered,

denying the material allegations in the complaint. He also counterclaimed for absolute divorce based on more than one year's separation of the parties.

On 9 June 1969 the court entered an order finding "[t]hat the parties [had] agreed to a property settlement and other matters arising out of . . . [the] separation" and that their agreement would be in the best interests of the children. Included in the order and agreement were provisions for alimony and support for the plaintiff and the children. The order and agreement with respect to alimony and support provided in part the following:

"*Alimony and Child Support*—That defendant shall pay to plaintiff wife and mother of said minor children on the first day of each month hereafter the following:

A. Guaranteed minimum monthly:

1. The sum of $500.00 for each month of 1969, making a total of $6,000.00 for the year.

2. The sum of $550.00 during each month of 1970, making a total of $6,600.00 for the year.

3. The sum of $600.00 during each month of 1971, making a total of $7,200.00 for the year.

4. The sum of $600.00 during each month of each year thereafter, making a total of $7,200.00 per calendar year.

B. The above guaranteed amounts are divided as between alimony or support for the wife and as between child support for the children as follows:

1. $50.00 per month per child living in the home with the mother shall be considered child support. When a child enters college or private school, his or her support shall be the responsibility of the father and in that event, the mother shall be entitled to only one-third (1/3) of said monthly support for said child, and said father shall be entitled to retain two-thirds (2/3) of said monthly support for said child, except that for three and one-half (3½) months during the summer, said mother shall be entitled to all of the support for said child if the child is living with the mother.

> When a child gets married or finishes his or her fourth year in college or stops going to school (whichever shall first occur), then the duty of the father to provide support for said child shall terminate and the guaranteed payments hereunder shall be reduced proportionately.
>
> 2. The remaining guaranteed amount shall be considered alimony or support for the wife."

On 1 July 1969 judgment was entered on defendant's counterclaim granting an absolute divorce. Included in the judgment was a provision that: "It is further ordered, that the terms and provisions of the consent order between the parties dated June 9, 1969 be and remain in full force and effect. . . ."

Subsequent to the divorce decree, defendant made a motion in the cause asking for custody of the children or in the alternative more liberal visitation rights. He also sought a reduction in alimony and support alleging changed circumstances in his business operation. Plaintiff replied to defendant's motion and also moved that defendant show cause why he should not be held in contempt for failure to pay alimony and support as required in the earlier order. The matter came on for hearing before Judge Gay who entered an order on 22 July 1971 wherein he concluded:

> "That a reduction in the amount of support and alimony and a clarification as it relates to the obligation to send the children to college should be made by the court; . . . ."

Included in the order were the following pertinent provisions:

> "1. That the custody of the four children born of the plaintiff and defendant shall remain with the plaintiff but the son, Steve Harding, may continue to live in the home of the defendant.
>
> 2. That the defendant shall pay all expenses incurred by Steve Harding in attending East Carolina University including but not limited to clothes, room and board, tuition and fees. It being the intent of this provision that the expenses of said child shall be paid by the defendant.
>
> 3. That the plaintiff shall pay all of the expenses of Jim Harding in attending the University of North Carolina including but not limited to clothes, room and board, tuition

and fees. It being the intent of this provision that the expenses of said child shall be paid by the plaintiff.

4. That the defendant shall pay the sum of $500.00 upon the entrance of this order, $300.00 on March 1, 1972, for credit upon the amount now in arrears and judgment for the sum of $1,700.00 for the use and benefit of the children is hereby given to the plaintiff against the defendant for the balance that he is in arrears but execution shall not issue except upon motion and order of this court.

5. That the defendant shall pay into the office of the Clerk of Superior Court starting August, 1971, the sum of $200.00 for the use and benefit of his three children, namely, Jim, Pattie and Jeffrey Harding and he shall pay the further sum of $150.00 into the office of this court as alimony to the plaintiff; that the child support shall continue until the children are emancipated, married or otherwise self-supporting and the alimony payments shall continue until the plaintiff should remarry or die, subject to further orders of this court. Upon remarriage support payments for children shall be increased to $250.00 per month.

     *    *    *

7. The motion of the plaintiff that the defendant be held in contempt of court for failure to make payments is denied."

On 8 December 1971 Judge Gay found "that the word 'emancipated' as used in the . . . [22 July order was] misleading as it was the intention of the court and the parties that the child support should continue beyond the 18th birthday of said children, unless otherwise ordered by the court . . . . " Judge Gay entered an order amending Item 5 of the 22 July order to read as follows:

"That the defendant shall pay into the office of the clerk of this court the sum of $200.00 per month for the use and benefit of his three children, namely, Jim, Pattie and Jeffrey Harding. He shall in addition thereto pay the further sum of $150.00 per month into the office of the clerk of this court as alimony to the plaintiff. The child support payments herein provided for shall continue until each of said older children, to-wit: Jim and Pattie become

twenty-one years of age, or married, or is less than a full-time student in high school or college or is otherwise self-supporting, whichever occurs first, then as to that child, a pro-rata reduction in the support payments shall occur automatically. The identical provisions shall apply for the younger child, Jeff Harding with the exception that said provisions for support shall continue beyond his twenty-first birthday and through his fourth year in college, provided he is enrolled as a fulltime student in a duly accredited college. The alimony payments called for herein shall continue until the plaintiff shall remarry or die, whichever occurs first. Upon remarriage, support payments for each child then being supported by the defendant shall be increased by $16.67 per month."

There was no appeal from this order or from the prior order entered by the court in this cause.

On 26 August 1975, plaintiff filed the present motion seeking delinquent payments and an increase in support from defendant for Jeff and Pattie Harding, the remaining children entitled to support under the prior orders of the court. Defendant answered plaintiff's motion denying the allegations contained therein. He also alleged that he had "no legal obligation to support those children who are eighteen years of age or older nor to furnish them with a college education and that the court's order in attempting to require him to do so [was] void in accordance with Chapter 48A of the General Statutes of this State." Defendant moved that the court enter an order terminating all support payments, including support for education, for all of the children who were eighteen years old or older. There was a hearing on the matter after which the court made findings and conclusions and entered an order summarized and quoted as follows:

1. Defendant is required to pay for the support and education of his daughter Pattie "until she has completed her four years of college, her twenty-first year of age, or is married, or is less than a full-time student in college or is otherwise self-supporting, whichever occurs first."

2. Defendant is required to pay for the support of his son Jeff "until he has completed his fourth year in college, provided he is enrolled as a full-time student in a duly accredited college."

Harding v. Harding

3. Defendant is responsible for the college education of Jeff.

4. * * *

5. "That plaintiff may now request the clerk of the court to levy execution on the defendant on the $1,700.00 judgment heretofore entered in this matter . . . . "

6. Defendant's motion to terminate support for all children more than eighteen years of age is denied.

The amount of support which defendant was required to pay for his son Jeff, fifteen years old, and his daughter, Pattie, eighteen years old, in addition to payments for Pattie's education, was an increase of $25.00 from the July and December 1971 orders of the court. Defendant appealed.

*W. Lunsford Crew for plaintiff appellee.*

*Roland C. Braswell for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant contends the court erred in denying his motion "that all support for all the children more than eighteen years of age be discontinued." On 5 July 1971, after entry of the original consent decree but before entry of any of the subsequent orders, G.S. 48A-2 became effective. It provides that "[a] minor is any person who has not reached the age of 18 years." In light of this statute, the authority of the court to require support for a normal child as a ward of the court ceases when the child becomes eighteen. *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 2d 299 (1972) ; *Nolan v. Nolan,* 20 N.C. App. 550, 202 S.E. 2d 344 (1974), *cert. denied* 285 N.C. 234, 204 S.E. 2d 24 (1974). Thus, nothing else showing, where an order of the court for support entered prior to 5 July 1971 provides for support of the children until the age of majority, maturity, or emancipation, it has been interpreted, in light of G.S. 48A-2, to impose the legal obligation of support only to the child's eighteenth birthday. Shoaf, *supra; Ramsey v. Todd,* 25 N.C. App. 605, 214 S.E. 2d 307 (1975). But, a parent can by contract assume an obligation to his child greater than the law otherwise imposes, and by contract bind himself to support his child after emancipation and past majority. *Carpenter v. Carpenter,* 25 N.C. App. 235, 212 S.E. 2d 911 (1975), *cert. denied*

287 N.C. 465, 215 S.E. 2d 623 (1975). It follows, too, that the court has the power to enforce the *contract* between the parties, to give effect to their intentions. Carpenter, *supra*, and cases cited therein.

In the present case, two orders were entered after 5 July 1971 in order to clarify defendant's obligation to support his children past their eighteenth birthdays. The 8 December 1971 order, from which there was no appeal, provides that "child support payments herein provided for shall continue until each of said older children, to-wit: Jim and Pattie, become twenty-one years of age. . . . The identical provisions shall apply for the younger child, Jeff Harding, with the exception that said provisions for support shall continue beyond his twenty-first birthday. . . ."

The original order of support provided that:

"When a child gets married or finishes his or her fourth year in college or stops going to school (whichever shall first occur), then the duty of the father to provide support for said child shall terminate . . . . "

[2] It is clear from the original order and the subsequent December 1971 order that defendant had agreed to support his children beyond their eighteenth birthday. Indeed, nothing in the original consent agreement even refers to the age of majority, maturity, or emancipation. Having consented to support his children through college in the original agreement and not having appealed the orders entered after 5 July 1971, which were for the specific purpose of clarifying defendant's obligation to support his children, defendant obligated himself to continue support of his children past their eighteenth birthdays. Defendant's argument is without merit and is overruled.

[3] Defendant also contends the court erred in increasing support payments for Jeff and Pattie including the additional support required for the expense of Pattie's education. He argues that there was not evidence or findings sufficient to warrant any increase in the amount of support he was then paying.

In order to justify an increase in support, there must be evidence and findings of changed circumstances necessitating the additional payments. *Waller v. Waller*, 20 N.C. App. 710, 202 S.E. 2d 791 (1974). The ultimate object "is to secure support commensurate with the needs of the child and the ability

of the father to meet the needs." *Crosby v. Crosby*, 272 N.C.
235, 237, 158 S.E. 2d 77, 79 (1967).

With regard to the defendant's ability to meet the needs of
the children, the court found that his net worth had increased
since 1971; that his available income had increased; that he
had refused to supply the court with copies of his latest fi-
nancial reports; that he was able to pay the college expenses
of his oldest sons, Steve and Jim, while they attended school;
and that his obligation to support Steve and Jim had ceased.
With regard to the needs of the children, the court found that
plaintiff, who had been earning $7,200.00 per year, was no
longer working; that Pattie and Jeff were residing with the
plaintiff; "[t]hat the needs of said two children [had] in-
creased . . . " ; that Pattie is a freshman at the University of
North Carolina; that Pattie's college education requires $3,000.00
per year, $1,486.64 of which had already been expended by
plaintiff; and that defendant was presently paying $167.67 per
month for the support of Pattie and Jeff.

The findings with respect to the ability of defendant to
support his children are fully supported by his own testimony
at the hearing. With respect to the expenses for Pattie's educa-
tion, the evidence that she is in fact attending college supports
a change in circumstances. Plaintiff's affidavit that expenses
were $3,000.00 per year is evidence of the amount needed to
meet the change in circumstances. Also, in the affidavit was a
statement of increased cost of living expenses for the children
which required an increase in support to $150.00 per month.
Although more extensive findings could have been made with
respect to the children's needs, defendant offered no evidence
to contradict any of plaintiff's evidence. We hold that the
evidence supports the findings and the findings support the
order allowing $3,000.00 for college expenses and an increase
in the amount of support by $25.00 per month. This assign-
ment of error is overruled.

[4] Finally defendant contends the court erred in allowing
execution on the $1,700.00 judgment. He argues that the
court orally stated on the day of the hearing that it would
allow execution for only $1,216.71 and then increase the amount
to $1,700.00 after the hearing in response to a private communi-
cation from plaintiff's attorney. The record discloses, however,
that defendant's attorney was given a copy of the letter. He had

an opportunity to rebut the contentions stated in the letter, and he failed to do so.

The evidence supports the full amount. We can perceive no prejudice to defendant because of a miscalculation made at the time of the hearing. This assignment of error has no merit.

The order appealed from is

Affirmed.

Judges PARKER and ARNOLD concur.