DOROTHY SALTER HARDING (CREW) v. HARRY HARDING

No. 796DC895

(Filed 1 April 1980)

1. **Divorce and Alimony § 24.10— support of child past majority—parent's contract**

    A parent may contract to support his or her children past the age of majority, and the court has power to enforce such a contract just as it would any other, but the court may not enlarge upon the obligation agreed to by the parties.

2. **Divorce and Alimony § 24.4— violation of child support order—contempt proceeding—invalidity of order properly raised as defense**

    Defendant was entitled to raise as a defense in the present contempt proceeding the purported invalidity, for lack of subject matter jurisdiction, of portions of a child support order, even though time for appeal from that order had passed.

3. **Divorce and Alimony § 24.4— child support order—improper calculation of amount owed—contempt finding improper**

    The trial court erred in finding defendant in contempt for violation of a child support order which improperly enlarged defendant's contractual obligation of support by failing to take into account a provision of the parties' consent agreement which permitted defendant to retain two-thirds of the amount

defendant would otherwise pay for a child's monthly support when defendant was supporting that child in college; but the trial court properly found that defendant was obligated to support his child until she completed four years of college, and her reaching or passing 21 years of age was not the determining factor with respect to defendant's obligation to support.

APPEAL by defendant from *Williford, Judge.* Order entered 27 June 1979 in District Court, HALIFAX County. Heard in the Court of Appeals 25 February 1980.

Plaintiff seeks to have defendant held in contempt of court for his failure to comply with court orders relating to the support of their daughter, Pattie, and son, Jeff. At the hearing on plaintiff's motion in the cause, she relied upon her motion and affidavit, which recited a court order of 23 March 1977, and she calculated from that order that defendant was indebted to her in the amount of $7,921.47. Defendant testified that at the time plaintiff filed her motion he was only indebted to her in the amount of $2,080.20, which he had since paid. Defendant sought to introduce evidence that the 1977 order upon which plaintiff relied was invalid, in that it was entered ex parte and that while purporting to rely on prior support orders, it was inconsistent with them. The court, noting that defendant had not appealed from the 1977 order, ruled that he could not introduce such evidence, and that he was bound by the 1977 order. The court then found defendant in contempt because he was delinquent in his payments to plaintiff in the amount of $5,841.27. From this order, defendant appeals.

*Crew & Stevenson, by W. Lunsford Crew, for plaintiff appellee.*

*Braswell & Taylor, by Roland C. Braswell and Julian R. Allsbrook, for defendant appellant.*

ARNOLD, Judge.

In 1969 the parties agreed to a consent order setting out defendant's child support obligations. The order also included the provision that "wilful failure to comply with this court order . . . shall subject the offending party to punishment for contempt of court." Orders pertaining to defendant's duty to support were entered in 1971, 1975, and 1977. Defendant appealed from the

1975 order, arguing that he had no duty to support his children past the age of 18, and this court found that by the original consent order he had contracted to provide such support. *Harding v. Harding*, 29 N.C. App. 633, 225 S.E. 2d 590, *cert. denied* 290 N.C. 661, 228 S.E. 2d 452 (1976). Defendant now contends that the 1977 order enlarged his contractual obligation as set out in the 1975 order; that to the extent it did so the 1977 order is invalid; and that he cannot be held in contempt of court for failure to comply with the invalid portions of the 1977 order.

[1, 2] A parent may contract to support his or her children past the age of majority, *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911, *cert. denied* 287 N.C. 465, 215 S.E. 2d 623 (1975), and the court has power to enforce such a contract just as it would any other. *Harding v. Harding, supra*. Since the duty to support after the age of majority arises in contract, however, the court may not enlarge upon the obligation agreed to by the parties. *Crouch v. Crouch*, 14 N.C. App. 49, 187 S.E. 2d 348, *cert. denied* 281 N.C. 314, 188 S.E. 2d 897 (1972). Any attempt by the court to do so would be void for lack of subject matter jurisdiction. *See Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1972). We are thus presented with the question of whether defendant is entitled to raise as a defense in the present contempt proceeding the purported invalidity for lack of subject matter jurisdiction of portions of the 1977 order, or whether defendant is now bound by that order as entered because his time for appeal from it has passed. We have found no North Carolina authority on this point. A number of other jurisdictions have ruled, however, that it is not contempt to disobey an order entered by a court without jurisdiction, see 17 Am. Jur. 2d, Contempt § 42 and cases cited therein, and we believe that this is the correct view. Accordingly, to whatever extent the court in its 1977 order exceeded defendant's contractual obligation of support the order is void, and defendant cannot be held in contempt for his failure to comply with the void portions.

[3] This brings us to the question of whether portions of the 1977 order actually exceed defendant's contractual support obligations. To answer this question, we must begin with the 1969 consent order. That order provided in pertinent part:

> 1. $50.00 per month per child living in the home with the mother shall be considered child support. When a child

enters college or private school, his or her support shall be the responsibility of the father and in that event, the mother shall be entitled to only one-third (1/3) of said monthly support for said child, and said father shall be entitled to retain two-thirds (2/3) of said monthly support for said child, except that for three and one-half (3 1/2) months during the summer, said mother shall be entitled to all of the support for said child if the child is living with the mother. When a child gets married or finishes his or her fourth year in college or stops going to school (whichever shall first occur), then the duty of the father to provide support for said child shall terminate and the guaranteed payments hereunder shall be reduced proportionately.

In 1971 an order was entered and amended to "clarify" defendant's obligation to send the children to college. That order in its amended form required that child support payments continue for an older son, Jim, and for Pattie until each of them "become[s] twenty-one years of age, or married, or is less than a full-time student in high school or college or is otherwise self-supporting, whichever occurs first."

In 1975 an order was entered setting the amount of support for Pattie while she was in college. That order, which was affirmed by this court in *Harding v. Harding, supra,* quoted the "retainage" provision of the 1969 consent order and set Pattie's support at $3000 per year for college expenses and $108.33 per month for her "other general support." The order further provided that "said payments shall continue until she has completed her four years of college, her twenty-first year of age, or is married or is less than a full-time student in college or is otherwise self-supporting, whichever occurs first."

The parties were unable to agree as to what amount was actually due to plaintiff under the 1975 order, so defendant in January 1977 moved that the court determine the amount due. This led to the 1977 order which defendant now contests. The court in its 1977 order made no reference to the retainage provision, and held simply that, as the 1975 order required, defendant must pay for Pattie's support $3000 per year plus $108.33 per month, to terminate as set out in the 1975 order.

Defendant argued at the contempt hearing that the 1977 order enlarged his contractual support obligation in two ways: (1) the court in its order that he pay $108.33 per month as general support ignored the "two-thirds retainage" provision of the 1969 consent order, and (2) the court ordered him to pay $3000 per year for Pattie's college education as long as she was enrolled in college, while the 1975 order required him to pay only until she reached 21. We find merit in defendant's first argument, but not in his second.

The consent order of 1969 makes clear that while defendant supports a child in college he is entitled to retain each month two-thirds of the amount he would otherwise pay for that child's monthly support. The monthly support for Pattie having been set at $108.33 by the 1975 order, defendant is entitled to retain two-thirds of this amount for each month he supported Pattie in college, including each summer month unless Pattie was then living with plaintiff. It is clear from the record that the trial court accepted plaintiff's calculations in determining that defendant was in contempt, and since those calculations include no retainage deduction, they are erroneous. The trial court must recalculate the amount defendant is indebted to plaintiff, taking into account the retainage provision of the consent order.

Plaintiff's calculations which the court accepted also held defendant responsible for $3000 per year through 1 March 1979, since Pattie was to reach her twenty-second birthday on 15 March 1979. In support of this position plaintiff relied upon language in the 1975 order that defendant's support of Pattie was to continue until she "completed . . . her twenty-first year of age," which plaintiff argued would be on Pattie's twenty-second birthday. Defendant interpreted this language differently and calculated that he need only support Pattie until she reached her twenty-first birthday. Neither party is correct. The 1969 consent order makes no mention of any age as a termination point for support, providing instead that support will continue through four years of college unless the child marries or stops going to school. This is the obligation to which defendant agreed, and it is not changed by language relating to age in subsequent court orders. The trial court correctly found that defendant was obligated to support Pattie until she completed four years of college, which was to occur on 1 June 1979.

There is no merit in defendant's complaint that the 1977 order was entered ex parte, or in his remaining assignments of error.

To summarize: The order finding defendant in contempt is vacated and the matter is remanded to District Court. That court must recalculate the amount defendant was indebted to plaintiff at the time of the hearing, taking into account the retainage provision of the 1969 consent order. Upon the basis of this new calculation the District Court shall then determine whether defendant is in contempt of court, and enter orders accordingly.

Vacated and remanded.

Chief Judge MORRIS and Judge VAUGHN concur.