CAROL A. WILLIAMS, Petitioner v. LAUREN R. WILLIAMS, Defendant

No. 896DC652

(Filed 16 January 1990)

1. **Parent and Child § 10 (NCI3d)— URESA action—proper documents submitted to clerk**

    The trial court properly denied defendant's motion to dismiss plaintiff's action instituted pursuant to the Uniform Reciprocal Enforcement of Support Act when plaintiff submitted the proper documents to the clerk of court in Hertford County.

    **Am Jur 2d, Desertion and Nonsupport §§ 148, 149.**

WILLIAMS v. WILLIAMS

[97 N.C. App. 118 (1990)]

2. **Parent and Child § 10 (NCI3d)— plaintiff's filing and registering of foreign divorce decree proper—uncontested finding**

The trial court's uncontested finding of fact that plaintiff properly filed and registered a foreign child support decree alone adequately supported the court's conclusion of law that the decree was registered.

**Am Jur 2d, Desertion and Nonsupport §§ 148, 149.**

3. **Parent and Child § 10 (NCI3d)— URESA action—duty of father to support child past 18—father's contractual duty enforceable in North Carolina**

There was no merit to defendant's argument that the trial court did not have the authority under North Carolina law to order child support for a child who had attained the age of 18, since defendant contractually bound himself to make support payments beyond the age of 18, and North Carolina recognizes the enforceability of such agreements.

**Am Jur 2d, Desertion and Nonsupport § 123.**

APPEAL by defendant from *Williford, Robert E., Judge.* Order entered 1 March 1989 in HERTFORD County District Court. Heard in the Court of Appeals 12 December 1989.

In 1985 defendant obtained a divorce from petitioner (plaintiff) in the Supreme Court of Ontario, Canada. In the decree issued by that court, it was also ordered and adjudged that certain paragraphs from a separation agreement dated 15 June 1984 be incorporated into the decree.

The portions of the separation agreement incorporated into the divorce decree concerned the support duties of defendant toward his two children, Christopher and Lawrence. In pertinent part the agreement provided:

(b) The Husband shall pay to the Wife the sum of $300.00 per month upon the eldest child, CHRISTOPHER WILLIAMS, reaching the "age of majority" (as such term is hereinafter defined) for the support, maintenance and benefit of the youngest child LAWRENCE WILLIAMS, until the said child reaches the age of majority.

(c) The term "age of majority" as such herein shall be defined to mean:

(I) When a child reaches the age of 18 years or more and ceases to be in normal full-time attendance at a university, college or accredited educational institution;

(II) When a child reaches the age of 23 years while still in normal full-time attendance at a university, college or accredited educational institution;

(III) When a child ceases to reside with the Wife.

(IV) When a child marries; or

(V) When a child dies.

On 14 January 1988, plaintiff, alleging defendant's nonpayment of support, instituted this action pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), N.C. Gen. Stat. § 52A-1 *et seq.* (1984). In December 1987 copies of the parties' Canadian decree, plaintiff's sworn statement, and a copy of the Reciprocal Enforcement Act of Ontario, Canada were transmitted to the Clerk of Court of Hertford County for registration in accordance with URESA as provided in G.S. § 52A-26 *et seq.* On 14 January 1988 the clerk of court issued a summons and notice and the defendant was served with the same on 11 February 1988. On 17 February 1988 defendant filed a motion to dismiss which was denied. After two continuances, a hearing was held on 16 February 1989. After the hearing, the trial court entered an order which affirmed the registration and enforcement of the Canadian decree. The order decreed that defendant owes plaintiff $19,350.00 in back due child support and that defendant shall pay plaintiff $300.00 per month child support until further ordered by the Court. From this order defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith and Associate Attorney General Bertha Fields, for petitioner-appellee.*

*Joseph J. Flythe for defendant-appellant.*

WELLS, Judge.

[1] Defendant's first and second assignments of error challenge the registration of plaintiff's Canadian decree. Defendant first assigns as error the trial court's denial of his 17 February 1988 motion to dismiss based on Rules 12(b)(6) and 12(b)(1) of the N.C. Rules of Civil Procedure. Defendant argues that plaintiff failed to comply

**WILLIAMS v. WILLIAMS**

[97 N.C. App. 118 (1990)]

with the provisions of N.C. Gen. Stat. § 52A-29 for registration of a foreign decree and thus the court had no subject matter jurisdiction. In addition, defendant contends that the documents filed by plaintiff in order to register her Canadian decree failed to state a claim for relief.

A primary function of the Uniform Reciprocal Enforcement of Support Act (URESA), N.C. Gen. Stat. § 52A-1 *et seq.* is to simplify and streamline the procedure by which an action to enforce a court order rendered in another jurisdiction can be instituted. In a URESA registration proceeding one is not required to file a complaint in the traditional sense. G.S. § 52A-29 requires only that certain documents be transmitted to the clerk of court. After submitting the required documents, an obligee seeking registration has no other duties under the statute. In this case plaintiff has met these requirements. For these reasons, we hold that the motion to dismiss was properly denied. This assignment is overruled.

[2] Defendant next assigns as error the trial court's conclusion of law that the Canadian decree was registered and due notice was served on respondent. We note for the record that the conclusion of law to which defendant excepts addresses only *proper registration* in the office of the clerk of court. (Emphasis supplied.) The trial court's order contains an uncontested finding of fact that "[p]laintiff filed and registered the . . . Canadian decree in the Office of the Clerk of Superior Court of Hertford County on January 14, 1988 pursuant to the Uniform Reciprocal Enforcement of Support Act and defendant was duly served with due notice on February 11, 1988." A finding of fact not excepted to is binding on appeal. *Anderson v. Higgins*, 57 N.C. App. 650, 292 S.E.2d 159 (1982). Therefore, the trial court's uncontested finding of fact that the plaintiff properly filed and registered the foreign decree alone adequately supports its conclusion of law that the decree was registered. For this reason and the reasons discussed, *supra*, we overrule this assignment of error.

[3] In his third assignment of error, defendant argues that the trial court did not have the authority under North Carolina law to order child support for a child who has attained the age of eighteen. Under North Carolina's version of URESA duties of support available are those "imposed or imposable under the laws of any state where the obligor was present during the period or any part of the period for which support is sought. The obligor

is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." *See* N.C. Gen. Stat. § 52A-8. It is the law of the state where the obligor was present during the legally material times provided for in the statute that controls what duties of support may be enforced in North Carolina. *Pieper v. Pieper*, 323 N.C. 617, 374 S.E.2d 275 (1988). In this case no effort has been made to rebut the statutory presumption that the obligor was present in the responding state. Therefore, that presumption prevails and duties of support imposable under North Carolina law may be enforced through our URESA against this obligor. *Id.*

Defendant relies on N.C. Gen. Stat. § 48A-2 (1984), which defines a minor as "any person who has not reached the age of 18 years," and N.C. Gen. Stat. § 50-13.4(c) (1987 & Supp. 1989), which provides that parental support obligations terminate when a child reaches 18 except in two situations, neither of which is applicable here. We hold that on the facts of this case neither G.S. § 48A-2 nor G.S. § 50-13.4(c) is controlling. We instead look to our case law which clearly establishes that a parent can assume contractual obligations to his child greater than the law otherwise imposes. *See, e.g., Mullen v. Sawyer*, 277 N.C. 623, 178 S.E.2d 425 (1971); *Shaffner v. Shaffner*, 36 N.C. App. 586, 244 S.E.2d 444 (1978). Thus, a parent may expressly agree to support his child after emancipation and beyond majority, and such agreements are binding and enforceable. *Church v. Hancock*, 261 N.C. 764, 136 S.E.2d 81 (1964); *Shaffner, supra*. In this case the defendant and plaintiff agreed that the age of majority could extend beyond age 18. The separation agreement defined the age of majority to mean when a child reaches the age of 18 years or more and ceases to be in normal full-time attendance at a university, college or accredited educational institution, reaches the age of 23, marries, dies, or ceases to reside with his [defendant's] wife. Defendant does not contend that the younger son was not enrolled in college, had reached age 23, or had married or ceased to reside with plaintiff. Defendant having bound himself to make support payments beyond the age of 18, the trial court properly validated the Canadian decree giving effect to defendant's continued obligation of support. This assignment of error is overruled.

The decision of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.