ANN TWISDALE SMITH (HALL), PLAINTIFF v. DONALD E. SMITH, JR., DEFENDANT

No. COA95-122

(Filed 2 January 1996)

### 1. Appeal and Error § 326 (NCI4th)— findings of fact as narration of evidence—settlement of record on appeal—no error

The trial court did not err in adopting the findings of fact contained in its order as a narration of the evidence presented at trial when it settled the record on appeal, since defendant provided no narration of evidence which contradicted that found by the trial court.

**Am Jur 2d, Appellate Review §§ 662, 663.**

**Power of trial court, on remand for further proceedings, to change prior fact findings as to matter not passed upon by appellate court, without receiving further evidence. 19 ALR3d 502.**

### 2. Divorce and Separation § 424 (NCI4th)— consent judgment for child support—civil contempt—sufficiency of evidence

The evidence was sufficient to support the trial court's findings and those findings were sufficient to support its conclusion that defendant was in contempt of court for failing to pay his child's college expenses pursuant to a consent judgment because they included out-of-state tuition where the evidence tended to show that defendant had agreed to "pay for the higher education of the minor child"; defendant had the capability to comply with the consent judgment; there was no limitation in the consent judgment regarding the cost of tuition or the location of a college; and defendant had sent the child money to complete high school in the state in which the college was located.

**Am Jur 2d, Contempt §§ 144, 145.**

**Pleading and burden of proof, in contempt proceedings, as to ability to comply with order for payment of alimony or child support. 53 ALR2d 591.**

**Who may institute civil contempt proceeding arising out of matrimonial action. 61 ALR2d 1095.**

SMITH v. SMITH

[121 N.C. App. 334 (1996)]

**Power of divorce court, after child attained majority, to enforce by contempt proceedings payment of arrears of child support. 32 ALR3d 888.**

3. **Divorce and Separation § 545 (NCI4th)— consent judgment for child support—failure to comply—civil contempt—authority of court to award attorney's fees**

In this civil contempt case where plaintiff alleged that defendant failed to comply with a consent order in which he agreed to pay for his child's higher education, maintain a life insurance policy, and provide health insurance, the trial court erred in concluding that it had no authority to award attorney's fees.

**Am Jur 2d, Contempt §§ 241-246.**

**Allowance of attorney's fees in civil contempt proceedings. 43 ALR3d 793.**

Appeal by defendant from order entered 25 October 1994 by Judge Timothy S. Kincaid in Caldwell County District Court. Heard in the Court of Appeals 26 October 1995.

*Tate, Young, Morphis, Bach & Taylor, L.L.P., by Thomas C. Morphis and Paul E. Culpepper, for plaintiff-appellee.*

*Paul W. Freeman, Jr. for defendant-appellant.*

WALKER, Judge.

The plaintiff, Ann Smith, and the defendant, Donald Smith, were married on 18 June 1966 and had a child, Brook Smith, on 19 September 1975. The parties separated on 6 August 1979 and a consent order was entered on 13 February 1980 whereby plaintiff was awarded custody of the child. On 22 January 1991 the parties entered into a consent judgment. This judgment included provisions whereby the defendant agreed to pay for the child's education and support after high school.

On or about 11 February 1994 plaintiff filed a motion for contempt against defendant for failure to comply with the 22 January 1991 consent order, with regard to the child's higher education. On 25 October 1994, the district court found defendant to be in contempt after finding "that defendant has the means and ability to comply with the Order or to take reasonable measures to comply with the terms of this Order." The court then issued the following order:

that he [defendant] comply with the terms of the Consent Order entered into by the parties and in particular Paragraph 3 of the Consent Order. Defendant shall pay within thirty (30) days of the receipt or demand any educational expense, invoice, or bill, said date of receipt being deemed to be the date of hand delivery or three (3) days after said expense, invoice or bill is mailed to his last known address.

[1] On appeal, defendant argues that the trial court erred in adopting the findings of fact contained in the 1 November 1994 Order as a narration of the evidence presented at trial when it settled the record on appeal.

Defendant presented a narration of the evidence which was objected to by opposing counsel on the grounds that there was no recording or transcription of the evidence. Plaintiff proposed that the findings of fact of the court be used as the narration of the evidence. In adopting its own findings of fact, the court stated "at this time [the Court] cannot recall with sufficient specificity the evidentiary nature of the aforesaid hearing which would allow the Court to make a ruling as to the accuracy or lack of accuracy of the proposed Narration of Evidence." Even though defendant included his narration of the evidence in the record, he has failed to direct us to any portion thereof which would contradict that found by the trial court. Therefore, defendant has not shown that he was prejudiced by the trial court's procedure in settling the record.

[2] By his next assignment of error, defendant argues that the trial court erred in finding the defendant in contempt of court and ordering defendant to pay the sum of $8,349.54 to purge himself of this contempt.

Pursuant to N.C. Gen. Stat. § 5A-21 (1986), in order to find a litigant in civil contempt, the Court must find: (1) the order remains in force; (2) the purpose of the order may still be served by compliance with the order; and (3) the person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order. While the statute does not expressly require that defendant's conduct be willful, our courts have interpreted the statute to require an element of willfulness. *Henderson v. Henderson*, 307 N.C. 401, 408, 298 S.E.2d 345, 350 (1983).

SMITH v. SMITH

[121 N.C. App. 334 (1996)]

In reviewing the trial court's finding of contempt, this Court is limited to a consideration of "whether the findings of fact by the trial judge are supported by competent evidence and whether those factual findings are sufficient to support the judgment." *McMiller v. McMiller*, 77 N.C. App. 808, 810, 336 S.E.2d 134, 136 (1985). For the sake of clarity, we have renumbered and paraphrased the findings of fact which the defendant claims are unsupported by the evidence. They include the following:

(1) The child (Brook) was accepted at the University of Montana. Defendant was notified regarding Brook's acceptance to college in Montana in an attempt to work out financial arrangements.

(2) Plaintiff incurred $8,349.54 that was directly related to educational expenses while Brook was attending the University of Montana.

(3) On two occasions, defendant was requested by plaintiff to pay for these expenses. Despite these communications, defendant failed and refused to pay any of these expenses.

(4) Defendant refused to pay these expenses because he thought they were unreasonable. The tuition at the University of Montana was an out-of-state tuition. The Court found as an ultimate fact that Brook's attendance at the University of Montana was not unreasonable in light of the facts and circumstances.

Defendant also contends that the court's conclusion that he was in willful contempt is unsupported by the evidence.

Plaintiff introduced evidence tending to show that under the consent judgment, defendant agreed to "pay for the higher education of the minor child which shall include college, technical school or other educational opportunities past the high school level." That for the purposes of the judgment, educational expenses expressly included "fees, tuitions, lodging, books, travel, clothing and other necessary and reasonable expenses, which would customarily be incurred in the pursuit of higher education."

Furthermore, the record demonstrates that defendant had the capability to comply with the consent judgment. The evidence showed that defendant was a practicing dentist whose average earnings were between $5,000-$6,000 a month in 1993. The same year defendant had a net worth of $498,000.

Despite defendant's refusal to pay such expenses, the evidence tended to show that such expenses were reasonable and directly related to the educational needs of Brook. The consent judgment provided numerous examples of "higher education" expenses which included tuition. Defendant contends that Brook's expenses were unreasonable because they included out-of-state tuition. We find no limitation in the consent judgment regarding the cost of tuition or the location of a college. Furthermore, the record shows that the defendant, far from discouraging Brook from moving to Montana, sent him money to complete high school in that state. After carefully reviewing the record, we find that there was competent evidence to support the court's findings and conclusion that the defendant was in contempt of the consent judgment pursuant to N.C. Gen. Stat. § 5A-21(a).

Defendant next assigns as error the court's order that defendant "pay within thirty (30) days of receipt or demand any educational expense, invoice, or bill" on the ground that the court exceeded its authority and effectively modified the consent order of 22 January 1991.

Rule 10(c)(1) of the Rules of Appellate Procedure requires that "[e]ach assignment of error shall, so far as practical, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. App. Rule 10(c). The legal basis preserved on appeal by defendant's assignment of error is that the court's order is ambiguous and an abuse of discretion. However, defendant now attempts to argue that the court's order modified the terms of the parties' consent judgment. We conclude that defendant has failed to properly preserve this question for appellate review because it has not been made the subject of an assignment of error. It is therefore beyond our scope of review and we decline to address it.

[3] On appeal, plaintiff argues that the trial court erred by failing to order defendant to pay attorney's fees. We agree.

Under the law of this State attorney's fees are not recoverable either as an item of damages or of costs absent express statutory authority. *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973). In *Tape Corp.*, this Court squarely held that neither the provisions of N.C. Gen. Stat. § 6-18 (1986) (when costs allowed to plaintiff as a matter of course) nor the provisions of N.C. Gen. Stat. § 6-20 (1986) (allowance of costs in discretion of

SMITH v. SMITH

[121 N.C. App. 334 (1996)]

court) are applicable to an action for civil contempt. *Id.* at 188, 196 S.E.2d at 602.

However, a trial court may properly award attorney's fees to a plaintiff who prevails in a civil contempt action. This Court has approved the allowance of attorney's fees in contempt actions where such fees were expressly authorized by statute as in the case of child support. *See Cox v. Cox,* 10 N.C. App. 476, 179 S.E.2d 194 (1971) (holding that attorney's fees were properly awarded in a civil contempt action to enforce a child support order since attorney's fees could have been awarded in the original action for child support).

Also, this Court has recently upheld the awarding of attorney's fees under the court's broad contempt powers to enforce equitable distribution awards where attorney's fees were not expressly authorized by statute. *See Hartsell v. Hartsell,* 99 N.C. App. 380, 393 S.E.2d 570, *appeal dismissed and disc. review denied,* 327 N.C. 482, 397 S.E.2d 218 (1990), *affirmed,* 328 N.C. 729, 403 S.E.2d 307 (1991); *Conrad v. Conrad,* 82 N.C. App. 758, 348 S.E.2d 349 (1986).

Defendant argues that the court is without authority to award attorney's fees in this case. As support for this argument defendant relies on *Powers v. Powers,* 103 N.C. App. 697, 407 S.E.2d 269 (1991). We find *Powers* distinguishable from the case at hand. In *Powers,* the parties entered into a consent judgment wherein the defendant agreed to "provide and pay for four years of college education for Jennifer [child] at a college to be selected by the Husband [defendant] and Jennifer, provided however that the Husband shall not unreasonably withhold his consent to Jennifer's selection of a college." *Id.* at 699, 407 S.E.2d at 271. The defendant was found in contempt for not complying with this provision in the consent judgment. *Id.* at 700, 407 S.E.2d at 271. However, limiting its decision to the facts of that case, this Court declined to grant attorney's fees to the plaintiff finding that the provision involved "neither a child support order (the child support provision under the consent judgment expired when the child reached 18 years of age and the provision here was made separate and apart from the child support provision) nor an equitable distribution award." *Powers* at 707, 407 S.E.2d at 276.

In the present case, defendant agreed to support Brook beyond the age of 18 in the following ways:

3. The Defendant shall pay for the higher education of the minor child which shall include college, technical school or other edu-

cational opportunities past the high school level. For the purposes of this Judgment, expenses of higher education, shall include fees, tuitions, lodging, books, travel, clothing and other necessary and reasonable expenses, which would customarily be incurred in the pursuit of higher education.

4. The Defendant shall maintain a life insurance policy with the minor child, **Brook Smith**, as beneficiary, in the sum of **Fifty Thousand ($50,000.00) Dollars**, which policy shall be continuously maintained until the minor child obtained the age of twenty-five years or has completed undergraduate school. . . .

5. The Defendant shall provide health insurance for the minor child through age twenty-five or completion of his pursuit of higher education. . . .

Defendant argues that the above provisions are not in the nature of child support. In support of this argument defendant apparently relies on N.C. Gen. Stat. § 48A-2 (1984), which defines a minor as "any person who has not reached the age of 18 years," and N.C. Gen. Stat. § 50-13.4 (c) (1994), which provides that parental support obligations terminate when a child reaches 18.

However, under the facts of this case we find that neither of the above statutes are controlling. The law of this State establishes that "a parent can assume contractual obligations to his child greater than the law otherwise imposes." *Williams v. Williams*, 97 N.C. App. 118, 122, 387 S.E.2d 217, 219 (1990). "[A] parent can bind himself by contract to support a child after emancipation and past majority, and such a contract is enforceable as any other contract." *Church v. Hancock*, 261 N.C. 764, 765, 136 S.E.2d 81, 82 (1964). Pursuant to the consent judgment, the defendant agreed to pay for the "higher education of the minor child which shall include . . . fees, tuitions, lodging, books, travel, clothing and other necessary and reasonable expenses. . .;" to provide life insurance for Brook "until the minor child obtained the age of twenty-five or has completed undergraduate school;" and to "provide health insurance for the minor child through age twenty-five or completion of his pursuit of higher education." Therefore, defendant failed to comply with the above child support provisions and we find that the trial court erroneously concluded that it had no authority to award attorney's fees. Accordingly, this case is remanded for an order awarding attorney's fees consistent with findings made by the trial court.

Affirmed in part and reversed in part.

Judges JOHNSON and SMITH concur.