C. THOMAS ROSS, Plaintiff v. ROBIN LEEGER VOIERS, Defendant

No. COA96-1313

(Filed 16 September 1997)

**1. Divorce and Separation § 449 (NCI4th)— child support— agreement to pay college expenses—validity**

A consent order requiring plaintiff father to pay the post-majority college expenses for his daughter attendant to a four-year college degree was valid and enforceable by contempt.

**2. Divorce and Separation § 424 (NCI4th)— child's college expenses—consent order—willfulness of failure to pay— civil contempt**

There was sufficient evidence of willfulness to support the trial court's order finding plaintiff father in civil contempt for failure to comply with a consent order requiring him to pay his daughter's college expenses where the evidence showed that plaintiff had the ability to pay the college expenses but deliberately and stubbornly refused to do so when his daughter returned for her junior year, and that he sought to alter his obligation under the consent order without court approval.

Judge GREENE concurring.

Appeal by plaintiff from order and judgment entered 24 June 1996, *nunc pro tunc* 4 January 1996 by Judge Chester C. Davis in Forsyth County District Court. Heard in the Court of Appeals 1 May 1997.

*C. Thomas Ross, plaintiff-appellant, pro se.*

*Stern, Graham & Klepfer, L.L.P., by William A. Eagles and Ronda L. Lowe, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Plaintiff C. Thomas Ross and defendant Robin Leeger Voiers entered into a separation agreement on 19 July 1978. This agreement obligated plaintiff to pay for the college expenses of his daughter, "not [to] exceed on an annual basis ten percent (10%) of [his] gross annual income for that year." A subsequent consent order was entered on 31 January 1990 providing that plaintiff would "pay all college expenses attendant to a four year college degree" for his daughter.

Plaintiff paid his daughter's freshman (1991-92) and sophomore (1992-93) years expenses. However, due to her various personal and financial problems, plaintiff's daughter did not return to school during the following academic year (1993-94).

Plaintiff's daughter enrolled in college in the fall of 1994. The expenses for her junior year (1994-95) of college were paid from money loaned to her by defendant and student loans. Plaintiff did not pay any of his daughter's expenses during that academic year. As a result, defendant filed a motion in the cause, requesting that an order

be issued for plaintiff to show cause, if any, why he should not be held in contempt for his noncompliance with the 31 January 1990 consent order. Defendant also requested that plaintiff be ordered to pay defendant's reasonable costs and attorney's fees.

After hearing the arguments of counsel and reviewing all of the evidence before him, Judge Chester C. Davis entered an order and judgment on 24 June 1996, *nunc pro tunc* 4 January 1996, denying plaintiff's motion to dismiss, finding plaintiff in civil contempt for willful failure to pay expenses associated with his daughter's junior year in college, denying defendant's motion for attorney's fees, and deferring ruling on defendant's motion for costs. The court provided that plaintiff could purge his contempt by the payment of certain sums of money in order to reimburse defendant and his daughter for sums paid. Plaintiff appeals; and for the reasons stated herein, we affirm the order and judgment of the trial court.

[1] Plaintiff first assigns as error the trial court's denial of his motion to dismiss. Specifically, plaintiff argues that the provisions of the January 1990 consent order requiring him to pay post-majority support are void and unenforceable, and thus the court erred in denying his motion to dismiss. We cannot agree.

It is well-settled that "a parent can assume contractual obligations to his child greater than the law otherwise imposes[,] . . . [i.e.,] a parent may expressly agree to support his child after emancipation and beyond majority, and such agreements are binding and enforceable." *Williams v. Williams*, 97 N.C. App. 118, 122, 387 S.E.2d 217, 219 (1990) (citations omitted); *see White v. White*, 289 N.C. 592, 223 S.E.2d 377 (1976). In the instant case, the parties entered into a consent order on 31 January 1990 which provided that plaintiff would pay all college expenses for his daughter. Subsequently, however, plaintiff failed to do so, and this action was instituted. While plaintiff argues to the contrary, this action is not controlled by section 50-13.4(c) of the North Carolina General Statutes. Instead, this action is controlled by a line of cases affirming a parent's right to consent to provide support greater than that which is required by the law. Plaintiff's reliance on *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983), is misplaced. Notwithstanding that the North Carolina Supreme Court, in *Walters*, addressed the treatment of *separation agreements*, and not a consent order, as is involved in the instant case, the Court clearly stated, "[C]ourt ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judg-

ment in a domestic relations case." *Id.* at 307 N.C. 381, 386, 298 S.E.2d 338, 342. As plaintiff contracted in a valid consent order to pay all college expenses for his daughter, and subsequently failed to do so, the trial court did not err in denying plaintiff's motion to dismiss this action.

**[2]** Plaintiff next assigns as error the trial court's finding that he was in civil contempt because his failure to pay was not willful. Plaintiff contends that although he deliberately refused to pay his daughter's junior year college expenses, he was not in contempt of court based on the record in this case. We do not agree.

While a strict reading of North Carolina General Statutes section 5A-21 does not require that a defendant's conduct be willful in order for him/her to be found in civil contempt, our courts have interpreted the statute to require an element of willfulness. *Smith v. Smith*, 121 N.C. App. 334, 336, 465 S.E.2d 52, 53-54 (1996) (citing *Henderson v. Henderson*, 307 N.C. 401, 408, 298 S.E.2d 345, 350 (1983)); *see* N.C. Gen. Stat. § 5A-21 (1986). In *Hancock v. Hancock*, this Court stated,

> "Willful" has been defined as "disobedience 'which imports knowledge and a stubborn resistance,' and as 'something more than an intention to do a thing. It implies doing the act purposely and deliberately, indicating a purpose to do it, without authority—careless whether [the contemnor] has the right or not—in violation of law . . . .' " Willfulness "involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law." Evidence which does not show a person to be guilty of "purposeful and deliberate acts" or guilty of "knowledge and stubborn resistance" is insufficient to support a finding of willfulness.

122 N.C. App. 518, 523, 471 S.E.2d 415, 418 (1996) (alteration in original) (citations omitted).

In the instant case, the evidence tends to show that plaintiff was at all pertinent times able to pay his daughter's college expenses, but refused to do so when she returned to college for her junior year during the 1994-95 academic year. Plaintiff contends that because of his daughter's financial and personal problems, he, defendant, and their daughter had agreed that she would not return to college until the 1995-96 academic year. Defendant contends, however, that she cannot recall making such an agreement. In addition and in variance with the 31 January 1990 consent order, plaintiff adamantly stated that he

refused to pay more than the cost his daughter would have incurred as an in-state student. As another condition, plaintiff agreed to pay for his daughter's spring college expenses if defendant and their daughter agreed to attend counseling with him to improve their relationships. Notably, none of these conditions were provided for in the 31 January 1990 consent order.

It is uncontroverted that plaintiff had the ability to pay his daughter's college expenses for the academic year 1994-95; that he "deliberately" and "stubbornly" refused to pay those expenses; and that he sought to alter his obligation under the 31 January 1990 consent order without court approval. In fact, plaintiff admits to such in his deposition and brief to this Court. Moreover, plaintiff, as a licensed attorney, enjoys full knowledge of the proper manner in which to modify a court order, but chose for various reasons not to do so.

We cannot sanction this unilateral attempt by plaintiff to amend his support obligation under the court order in question. As there is sufficient evidence to support the trial court's order and judgment finding plaintiff in contempt of court, plaintiff's argument fails.

In light of our conclusions as to plaintiff's two previous assignments of error, we need not address plaintiff's remaining assignments of error at this juncture. Further, as the provisions of the 31 January 1990 consent order were valid and enforceable; and plaintiff willfully violated said order, the decision of the trial court, denying plaintiff's motion to dismiss, is affirmed.

Affirmed.

Judge WYNN concurs.

Judge GREENE concurs in the result with a separate opinion.

Judge GREENE concurring.

I agree with the majority, for the reasons herein given, that the trial court did not err in denying the plaintiff's motion to dismiss the contempt motion. Otherwise I fully concur with the majority.

The law is well established that the parties to an action cannot "by consent, give a court jurisdiction over the subject matter of which it would not otherwise have jurisdiction." *DeGree v. DeGree*, 72 N.C. App. 668, 670, 325 S.E.2d 36, 37, *cert. denied*, 313 N.C. 598, 330 S.E.2d

607 (1985). The trial court does not have jurisdiction, with some exceptions not here relevant, to enter an order directing the plaintiff to pay child support beyond the eighteenth birthday of a child. N.C.G.S. § 50-13.4(c) (1995). It would appear to follow, therefore, that the parties cannot confer jurisdiction upon the trial court to enter a consent decree extending child support obligations beyond the eighteenth birthday of a child and that any violation of that portion of the order would not be enforceable by contempt. *See Harding v. Harding*, 46 N.C. App. 62, 64, 264 S.E.2d 131, 132 (1980) ("[I]t is not contempt to disobey an order entered by a court without jurisdiction." (citing 17 Am. Jur. 2d *Contempt* § 42)). Nonetheless, our Supreme Court has held that such an order is enforceable by contempt "notwithstanding that . . . [it] could not have been lawfully entered without [the parties'] consent." *White v. White*, 289 N.C. 592, 596, 223 S.E.2d 377, 380 (1976). The public policy supporting the *White* holding is stated in the earlier opinion from this Court:

> It is entirely possible, perhaps probable, that a wife may be willing to give up, by way of agreement with her husband, much to which she would be entitled in consideration of the husband doing more than he might be required to do for their children. To disregard such agreements when incorporated in a divorce decree, at least so far as the power of the court to enforce them is concerned, would discourage the settlement of differences between husband and wife or reduce such agreements, when made, to cloaks to be put on or shed at will.

*White v. White*, 25 N.C. App. 150, 156, 212 S.E.2d 511, 515 (quoting *Robrock v. Robrock*, 150 N.E.2d 421, 427-428 (Ohio 1958)), *aff'd*, 289 N.C. 592, 595, 223 S.E.2d 377, 379 (1975) ("We approve not only the decision of the Court of Appeals but also the careful research and reasoning upon which it is based.").